UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Case No. 1:12-cv-01130 (CKK)

CARLOS LOUMIET,

v.

THE UNITED STATES OF AMERICA,
MICHAEL RARDIN, LEE STRAUS,
GERARD SEXTON, and RONALD
SCHNECK, each in their individual capacities

           defendants.
_____/

### JOINT RULE 26(F) CONFERENCE REPORT AND DISCOVERY PLAN

In accordance with Federal Rule of Civil Procedure 26(f) and Local Rule 16.3(d), counsel for the parties in this action conferred on April 5, 2013 and April 30, 2013, and respectfully submit this Joint Rule 26(f) Conference Report and Discovery Plan.

**I.**   **Dispositive Motions:**

Two motions to dismiss are pending. The United States and the Individual Defendants filed separate motions to dismiss on January 18, 2013 ("Motions to Dismiss") [D.E. ## 9, 10]. Mr. Loumiet filed a consolidated response on March 6, 2013 [D.E. # 19]. Defendants replied on March 20, 2013 [D.E. # 21]. Mr. Loumiet has requested oral argument. [D.E. # 22]. The defendants maintain that the arguments are adequately presented in the parties' briefs, such that the decision process would not be significantly aided by oral argument.

The parties agree to stay all discovery, including initial disclosures, until disposition of the Motions to Dismiss.

A proposed deadline for the filing of summary judgment motions is contained in the Proposed Scheduling Order, attached as Exhibit A to this report.

**II.     Joinder of Parties, Amendments, Stipulation to Facts or Legal Issues:**

A proposed deadline for joining parties and amending pleadings is contained in the Proposed Scheduling Order, attached as Exhibit A to this report.

While the parties may be able to stipulate as to other factual and legal issues, they stipulate now to the fact that the United States Court of Appeals for the District of Columbia Circuit found that the Office of the Comptroller of the Currency ("OCC") "was not 'substantially justified' in bringing the underlying administrative proceedings against Mr. Loumiet." *See Loumiet v. Office of Comptroller of Currency*, 650 F.3d 796, 797 (D.C. Cir. 2011). The defendants maintain that the D.C. Circuit's decision regarding the Comptroller's justification for bringing the enforcement action is of little relevance to the defenses raised in the defendants' Motions to Dismiss.

**III.    Assignment to Magistrate:**

The parties consent to proceed before a Magistrate Judge, <u>but only for the purpose of handling discovery disputes</u>. The parties <u>do not</u> consent to proceed before a Magistrate Judge for any other purpose. 27 U.S.C. § 636.

**IV.     Likelihood of Settlement**

The parties engaged in early settlement negotiations but were unable to reach an agreement. The parties will continue to engage in negotiations but settlement is unlikely at this time.

**V.      Alternative Dispute Resolution**

The parties do not agree to submit to any alternative form of dispute resolution.

## VI. Summary Judgment and Dispositive Motions Deadlines

Proposed deadlines for the filing of dispositive motions, cross-motions, oppositions, and replies are contained in the Proposed Scheduling Order, attached as Exhibit A to this report.

As discussed in Section I above, two motions to dismiss are currently pending in this case. Each party's position on whether the case can be resolved by the pending motions to dismiss or summary judgment is stated below.

### A. Mr. Loumiet's Position

This case cannot be resolved on the Motions to Dismiss or any other motion to dismiss, summary judgment motion, or dispositive motion. As support, Mr. Loumiet incorporates by reference those arguments, analyses, conclusions, and legal principles set forth in detail in his: (1) Complaint for Damages, and (2) Opposition to the Bivens Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(B)(6) and the United States' Motion to Dismiss under Fed. R. Civ. P. 12(B)(6) and (B)(1).

### B. Defendants' Position

The defendants have raised threshold Rule 12 defenses—including, among others, lack of subject matter jurisdiction and qualified immunity—that are properly resolved on a motion to dismiss. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998) (subject matter jurisdiction is a threshold issue that must be resolved at the earliest possible stage); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."); *Kalka v. Hawk*, 215 F.3d 90, 94 (D.C. Cir. 2000) ("[T]he validity of a qualified immunity defense should be determined as early as possible, preferably before discovery and trial.").

## VII. Initial Disclosures

As stated in Section I above, the parties agree to stay all discovery, including initial disclosures, until disposition of the Motions to Dismiss.

## VIII. Joint Discovery Plan

### A. Timing

Mr. Loumiet proposes an eight-month fact discovery period. Specifically, fact discovery is to be completed within eight months from the entry of an order disposing of the Motions to Dismiss.

The defendants maintain that any fact discovery that is necessary after the Court resolves to motions to dismiss case can be completed within four months after entry of the order resolving the motions to dismiss.

### B. Form

The parties plan to engage in all forms of discovery permitted by the Federal Rules of Civil Procedure, including disclosures, interrogatories, requests for production, requests for admissions, and depositions. After disposition of the Motions to Dismiss, discovery will be completed within the parameters and limits set forth in the Federal Rules of Civil Procedure.

### C. Extent

The parties do not believe that the extent of discovery can be fully ascertained until, at a minimum, the pleadings are settled. But, **Mr. Loumiet** anticipates conducting discovery on: (1) OCC internal policies and procedure regarding the filing and prosecution of enforcement actions; (2) pre-enforcement communication between defendants and other OCC employees regarding Mr. Loumiet; (3) and the motive behind the defendants' decision to prosecute Mr. Loumiet.

**Defendants** anticipate conducting discovery regarding all no privileged matters that are relevant to the parties' claims and defenses in this action.

### D.   Electronic Information

Within five days after the Court resolves the motions to dismiss, counsel for the parties will confer and discuss any issues about disclosure of electronically stored information, including the form or forms in which it should be produced.

### E.   Privilege and Protection

The parties agree to follow the Federal Rules of Civil Procedure concerning privileges. The parties anticipate discussing the need for a protective order or a confidentiality agreement after the Court disposes of the Motions to Dismiss.

## IX.   Expert Reports/Depositions

The parties agree to abide by the expert disclosure requirements set forth in Federal Rule of Civil Procedure 26(a)(2) with those timing modifications set forth in Exhibit A to this report.

## X.   Trial

Mr. Loumiet maintains that trial proceedings should be non-bifurcated.

The defendants reserve the right to move for a bifurcation of the *Bivens* and FTCA claims at the appropriate time.

## XI.   Pre-Trial Conference Date

*See* Exhibit A

**XII.   Proposed Scheduling Order.**

*See* Exhibit A

Dated: May 2, 2013

          Respectfully submitted,

          RIVERO MESTRE LLP
          *Attorneys for Plaintiff Carlos Loumiet*
          2525 Ponce de Leon Boulevard
          Suite 1000
          Miami, Florida 33134
          Telephone: (305) 445-2500
          Fax: (305) 445-2505 Email:
          jmestre@riveromestre.com
          arivero@riveromestre.com
          cwhorton@riveromestre.com
          kblanson@riveromestre.com

          By:  /s/ Jorge A. Mestre
          JORGE A. MESTRE
          D.C. Bar No. 998301

          Counsel for Plaintiff Carlos Loumiet

          /s/ Reginald Skinner
          REGINALD M. SKINNER
          Trial Attorney, Civil Division
          United States Department of Justice
          P.O. Box 7146, Ben Franklin Station
          Washington, D.C. 20044
          Tel: (202) 616-3111
          Fax: (202) 616-4314

          Counsel for the Defendants

## **CERTIFICATE OF SERVICE**

      I CERTIFY that on May 2, 2013, this document was filed with the Clerk of the Court using CM/ECF. I also certify that this document is being served this day on all counsel of record identified on the attached service list via transmission of Notices of Electronic Filing generated by CM/ECF.

                                                             /s/ Jorge A. Mestre
                                                              Jorge A. Mestre