# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARLOS LOUMIET, | : |
| | : |
| Plaintiff, | : |
| | : Civil Action No. 12-01130 (CKK) |
| v. | : |
| | : |
| UNITED STATES OF AMERICA, *et al.*, | : |
| | : |
| Defendants. | : |

## DEFENDANTS' MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY DISCOVERY

## INTRODUCTION

This motion asserts the protection from discovery that inheres when a federal official invokes qualified immunity. The Supreme Court has repeatedly held that qualified immunity shields government officials not only from liability, but also from discovery and the other burdens of litigation, and that discovery should therefore not proceed until the threshold question of immunity has been resolved. Because the Individual Defendants have a motion to dismiss based on qualified immunity pending, this Court should temporarily stay all discovery directed to them or requiring their involvement in the discovery process. Likewise, even outside the context of immunity, courts in this Circuit have repeatedly observed that a temporary stay of discovery is appropriate when a threshold motion will potentially dispose of the case or, at a minimum, narrow the scope of discovery, thereby avoiding unnecessary costs to the litigants and the court. For these reasons, the defendants respectfully request that the Court grant a temporary stay of discovery pending resolution of the defendants' motions to dismiss.

**BACKGROUND**

The Individual Defendants have moved to dismiss Mr. Loumiet's claims against them on the basis of absolute and qualified immunity, the special factors doctrine, and other defenses. ECF No. 62. Likewise, the United States has moved to dismiss Mr. Loumiet's FTCA claims for lack of subject matter jurisdiction and failure to state a claim for relief. ECF No. 63. If granted, the Individual Defendants' motion would be dispositive of all claims asserted against them. Equally, the United States' motion is potentially dispositive of Mr. Loumiet's FTCA claims. As explained in the United States' motion to dismiss, the Complaint fails to state a constitutional violation, such that application of the FTCA's discretionary function exception is not defeated, and the Court lacks subject matter jurisdiction over Mr. Loumiet's claims.

While the parties were yet briefing the motions to dismiss, Mr. Loumiet propounded a set of 46 requests for production of documents to the Individual Defendants and the United States. *See* Carlos Loumiet's First Request for Production of Documents, attached as Exhibit 1. Mr. Loumiet propounded this discovery despite previously acknowledging that discovery should be postponed until the Court resolves the immunity and jurisdictional defenses raised by the defendants. *See* ECF No. 23, Joint Rule 26(f) Conference Report and Discovery Plan at 1 ("The parties agree to stay all discovery, including initial disclosures, until disposition of the Motions to Dismiss."). Mr. Loumiet's document requests are extensive and appear to be directed at the merits of his claims. By contrast, the document requests are unrelated to, and will not help resolve, the immunity and jurisdictional issues currently before the Court. The defendants' motions to dismiss raise purely legal questions that require no discovery to adjudicate.

Pursuant to L. Cv. R. 7(m), the undersigned contacted Mr. Loumiet's counsel by email on November 22, 2016, and explained the basis for the relief sought in this Motion. *See* Exhibit 2. As of the filing of this Motion, no response has been received from Mr. Loumiet's counsel.

## ARGUMENT

**The Court Should Grant a Temporary Stay of Discovery until the Defendants' Motions to Dismiss Have Been Resolved.**

The Court should grant a temporary stay of discovery pending the outcome of the defendants' motions to dismiss for three reasons. First, discovery should not proceed until the threshold question of immunity has been resolved. Second, discovery should be stayed because the defendants' motions are potentially dispositive of all the claims at issue. At a minimum, postponing discovery until the motions have been resolved will likely narrow the scope of discovery and thereby avoid unnecessary costs to the litigants and the Court. Finally, Mr. Loumiet will not be prejudiced if discovery is deferred until the motions have been resolved.

I.

Qualified immunity shields public officials from the necessity of defending against tort liability in their individual capacities so long as their conduct does not violate clearly established rights of which a reasonable official would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Accordingly, the Supreme Court "repeatedly ha[s] stressed" that courts should resolve the issue "at the earliest possible stage in litigation," *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam), and "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Harlow*, 457 U.S. at 818.

Over the last three decades, the Supreme Court repeatedly has held that qualified immunity protects officials not just from liability, but also from discovery and the other burdens

3

of litigation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) ("The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" (quoting *Siegert v. Gilley*, 500 U.S. 226, 236 (1991) (Kennedy, J., concurring))); *Harlow*, 457 U.S. at 818; *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).

Participation in the discovery process is itself one of the chief burdens against which qualified immunity is designed to protect. This protection from discovery is necessary to give "real content to the concept of qualified immunity." *Iqbal*, 556 U.S. at 686. Individual-capacity suits "can entail substantial social costs." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). Participating in litigation requires a "substantial diversion" from a government official's "proper execution of the work of the Government." *Iqbal*, 556 U.S. at 685. Just as costly is the "risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties." *Anderson*, 483 U.S. at 638. That is why the "driving force" behind the creation of the doctrine was a desire to ensure that "insubstantial claims" against government officials "will be resolved prior to discovery." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks omitted).

Protection from discovery is critical because the defense of qualified immunity is effectively lost if officials must participate in discovery bearing on the merits of claims that fail, in the first instance, to allege a violation of clearly established law. *Mitchell*, 472 U.S. at 526 ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."); *Watkins v. Arlington County*, No. 96-5120, 1997 WL 404878 *1 (D.C. Cir. June 6, 1997) ("[A]ppellant was not entitled to the discovery he sought until after appellees' qualified immunity claims had been adjudicated."); *Zweibon v. Mitchell*, 720 F.2d 162, 171 (D.C. Cir.

1983) ("[D]iscovery should not be allowed until the threshold immunity question is resolved") (internal quotation marks and citation omitted); *Chagnon v. Bell*, 642 F.2d 1248, 1266 (D.C. Cir. 1980) (affirming order granting stay of discovery pending outcome of qualified immunity motion).

The Individual Defendants raised qualified immunity in a threshold motion to dismiss the claims against them. The issue presented in the motion is a question of law that the Court decides without discovery. Allowing discovery to proceed against the Individual Defendants before the court resolves that motion would deprive them of the intended benefits of qualified immunity.

Moreover, barring only discovery explicitly directed at the Individual Defendants is insufficient. As the Supreme Court reaffirmed in Iqbal, qualified immunity protects a defendant not only from discovery directed at him, but from any discovery that could require the defendant's involvement. *Iqbal*, 556 U.S. at 685. The Supreme Court squarely rejected the argument that a court could adequately preserve a defendant's entitlement to qualified immunity by allowing discovery to go forward only against other defendants:

> It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Iqbal*, 556 U.S. at 685-86. Thus, the protection of qualified immunity encompasses protection from all discovery that could burden the defendant invoking its protection, not just discovery directed at that particular defendant. Here, discovery sought from the United States would require the Individual Defendants' involvement, particularly given the fact that Plaintiff has premised his claims against the United States wholly on the conduct of Defendants Straus,

Sexton, Schneck, and Rardin. At a minimum, the Individual Defendants would need to participate to "ensure the case does not develop" to "prejudice [] their position." *Iqbal*, 556 U.S. at 685.

## II.

Even outside the specific context of immunity, courts in this Circuit have repeatedly observed that a temporary stay of discovery is appropriate when a threshold motion will potentially dispose of the claims at issue. *See Sai v. Dep't of Homeland Sec.*, 99 F. Supp. 3d 50, 58 (D.D.C. 2015) ("[C]ourts, including this Court, have often stayed discovery while a motion that would be thoroughly dispositive of the claims in the Complaint is pending.") (internal quotation marks and citation omitted); *Ortiz-Diaz v. United States Dep't of Hous. & Urban Dev.*, 75 F. Supp. 3d 561, 567-68 (D.D.C. 2014), *aff'd sub nom. Ortiz-Diaz v. United States Dep't of Hous. & Urban Dev.*, 831 F.3d 488 (D.C. Cir. 2016) ("It is within the sound discretion of the Court to postpone discovery of issues relating to the merits of a case pending resolution of potentially dispositive motions."); *Institut Pasteur v. Chiron Corp.*, 315 F. Supp. 2d 33, 37 (D.D.C. 2004) ("[I]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending.") (citation omitted); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.") (internal quotation marks and citation omitted).

Indeed, even when the court is presented with a motion that is not entirely dispositive of all claims, it is appropriate to postpone discovery where the motion will narrow the scope of discovery and thereby avoid unnecessary costs to the litigants and the court. *See Farouki v. Petra*

6

*Int'l Banking, Corp.*, 683 F. Supp. 2d 23, 28 (D.D.C. 2010) (denying motion to compel as the "discovery requests [could] be more narrowly framed, and any discovery disputes more effectively resolved, after all threshold jurisdictional issues have been resolved"); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) ("If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided."). The defendants' motions to dismiss are potentially dispositive of all claims currently before the Court. Allowing Plaintiff to proceed with discovery on the merits of his claims before the need for fact discovery has been determined would waste the litigants' and the Court's resources. At a minimum, resolution of the motions will narrow the scope of discovery and thereby promote the "just, speedy, and inexpensive" resolution of this action. Fed. R. Civ. P. 1.

### III.

Finally, Mr. Loumiet will not be prejudiced if discovery is deferred until the motions to dismiss have been decided. The defendants' motions raise purely legal questions for which no discovery is needed, and Mr. Loumiet has not expressed the need for any discovery to defend the motions. In circumstances like these, where a plaintiff cannot demonstrate any prejudice flowing from a temporary stay of discovery, this Court has postponed discovery until the outcome of a dispositive motion. *See Maljack Prods., Inc. v. Motion Picture Ass'n of Am.*, No. CIV.A. 90-1121, 1990 WL 157900, at *1 (D.D.C. Oct. 3, 1990) ("[T]he Court finds it significant that MPI has not even alleged that it will be prejudiced by deferring discovery until a determination is made with respect to the pending motion to dismiss. Absent such a claim, the Court feels that avoidance of potentially unnecessary discovery is warranted."); *Capital Eng'g & Mfg. Co. v. Weinberger*, No. CIV.A. 87-1623 JHP, 1988 WL 13272, at *1 (D.D.C. Feb. 5, 1988) ("[W]e

discern no basis at the present time for proceeding with full-blown discovery on the merits. Plaintiffs will in no way be prejudiced by this temporary suspension of discovery; they would be free, once these preliminary issues are resolved, to renew in full their requests for discovery.").

## CONCLUSION

For the foregoing reasons, the defendants respectfully request that the Court grant this motion for a temporary stay of discovery pending the Court's resolution of the defendants' threshold motions to dismiss.

Dated: November 23, 2016

        Respectfully Submitted,

        BENJAMIN C. MIZER
        Principal Deputy Assistant Attorney General

        C. SALVATORE D'ALESSIO JR.
        Acting Director, Torts Branch

        ANDREA W. MCCARTHY
        Senior Trial Counsel, Torts Branch


        By: /s/ Reginald Skinner
        REGINALD M. SKINNER
        Trial Attorney, Civil Division
        United States Department of Justice
        P.O. Box 7146, Ben Franklin Station
        Washington, D.C. 20044
        Tel: (202) 616-3111
        Fax: (202) 616-4314

        *Counsel for the Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 23, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System which will send notification of such filing to all counsel of record by operation of the Court's CM/ECF System.

/s/ Reginald Skinner
REGINALD M. SKINNER
Trial Attorney, Civil Division
United States Department of Justice
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-3111
Fax: (202) 616-4314