UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Case No. 1:12-cv-01130

CARLOS LOUMIET,

v.

THE UNITED STATES, *et al.*

    defendants.

_____/

### **CARLOS LOUMIET'S OPPOSITION TO THE DEFENDANTS'[1] MOTION TO STAY**

    Discovery in this case has been effectively stayed for more than four years, during which Loumiet could not discover a single document or a minute of testimony. Three days after this case celebrated its four-year anniversary, the D.C. Circuit ruled that the discretionary-function exception does not apply if the Individual Defendants violated the Constitution.[2] Confined by this ruling, the Government moved to dismiss, arguing that Loumiet did not adequately plead a constitutional violation. However, pleading arguments are not case-dispositive arguments, a point the Government implicitly conceded in its reply brief. Thus, Loumiet's state-law claims[3] will proceed no matter what, and the Individual Defendants will be percipient witnesses to those claims. Prolonging what has already been a four-year stay "would merely delay, rather than relieve, the burden on [the Individual Defendants] . . . to participate in discovery." *Galarza v. Szalczyk*, 2012 WL 627917, at *3 (E.D. Pa. 2012) (denying stay motion where FTCA claims would require participation from the individual defendants).

---

[1] The "Individual Defendants" are Michael Rardin, Lee Straus, Gerard Sexton, and Ronald Schneck. The United States will be referred to as the "Government." Both the Individual Defendants and the Government will be referred to collectively as "defendants."
[2] *Loumiet v. U.S.*, 828 F.3d 935 (D.C. Cir. July 12, 2016).
[3] Those state-law claims were converted to claims under the Federal Tort Claims Act ("FTCA") against the Government pursuant to the Westfall Act.

Eager to move this case forward (and aware that his claims against the Government will survive no matter what) Loumiet asked the Government to produce key documents that are in its exclusive possession, custody, and control. Eager to keep this case in the deep freeze, the defendants filed a motion (the "Motion") [D.E. 67] seeking a stay of discovery as to **all** defendants. That motion should be denied for the following reasons:

*First*, the Government has no right to a discovery stay because it is well-established that a "stay of discovery pending determination of a motion to dismiss 'is **rarely appropriate** when the pending motion'" is not case dispositive. *Royer v. Fed. Bureau of Prisons*, 292 F.R.D. 60, 62 (D.D.C. 2013) (emphasis added) (denying motion to stay and noting that defendant had "already filed four dispositive motions" such that it "cannot now complain, after three years of litigation, that it has not had the opportunity to dispose of this case without discovery."). Here, the pleading deficiency arguments the Government made are not case-dispositive.

*Second*, discovery should not be stayed as to the Individual Defendants because the aim of immunity defenses is to shield individuals from "disruptive, expensive, or intrusive" discovery while a motion to dismiss is pending. *Saenz v. City of El Paso, Tex.*, 2015 WL 4590309, at *4 (W.D. Tex. 2015) (denying motion to stay). Here, the Government is in the exclusive possession, custody, and control of virtually all of the responsive documents. Thus, "there is little risk of **undue** burden upon [the Individual Defendants] in allowing discovery to proceed." *Galarza*, 2012 WL 627917, at *3 (emphasis in original). Moreover, "[b]ecause the FTCA case against the United States will continue regardless of the outcome of [the Individual Defendants'] Motion[] to Dismiss," there is no practical reason to stay discovery when a stay will simply delay the inevitable. *Id*; *Seeds of Peace Collective v. City of Pittsburgh*, 2010 WL 2990734, at *3 (W.D.

2

Pa. 2010) (denying motion to stay because "it is not possible to shield [the individual] defendants . . . from the burdens of discovery in this case").

*Finally*, even if the Court were to grant the Individual Defendants a limited stay of discovery as to Loumiet's *Bivens*' claims, there is no good reason to stay discovery as to the FTCA claims. Numerous courts have found that where FTCA claims are pending, there is no good reason to stay discovery as to those claims. *Mendia*, 2016 WL 3249485, at *5 (N.D. Cal 2016) (allowing discovery to proceed on FTCA claims because "Plaintiff's FTCA claims against the United States will proceed regardless of the Ninth Circuit's decision on Defendants' qualified immunity defenses" and "Defendants are percipient witnesses for those claims"); *Galarza*, 2012 WL 627917, at *3 (same); *accord Seeds of Peace*, 2010 WL 2990734, at *3; *Saenz*, 2015 WL 4590309, at *4.

In sum, there is no legal, logical, or practical reason to delay the inevitable after this case has been effectively stayed for more than four years. The Motion should be denied and the defendants should be ordered to respond to the discovery requests forthwith.

## **BACKGROUND**

On September 23, 2016, in accordance with the Court's September 19, 2016 Order, the parties submitted a Joint Status Report (the "Report") [D.E. 60]. In the Report, Loumiet stated his position as to the commencement of discovery in light of the D.C. Circuit's ruling as to the discretionary-function exception. His position was as follows:

> Loumiet respectfully requests that the Court enter a Discovery Plan and Proposed Scheduling Order that the parties agreed to and jointly filed on May 2, 2013. [D.E. # 23]. Loumiet asks only that the Court modify the proposed time limitations in the Proposed Discovery Plan and Proposed Scheduling Order to run from the date of entry of the Scheduling Order by the Court. Importantly, Loumiet intends to begin discovery and submits that "well-settled law" cited by the Defendants only stands for the proposition that discovery can be stayed where there are jurisdictional-based arguments as to all claims. Here, there are no jurisdictional-based arguments

3

> directed to all claims that would warrant a stay of discovery. Even if that were not true, Loumiet has adequately pleaded his FTCA claims and the Defendants cite to no case that stays discovery based on pleading-deficiency type arguments. The Defendants say that allowing discovery to proceed on the FTCA claims would be tantamount to denying immunity, but that argument doesn't withstand scrutiny where resolution of the Bivens claims has absolutely no bearing on the FTCA claims.

*See* Joint Status Report at 5-6. Consistent with his position, Loumiet served his discovery requests on October 24, 2016 (the "Requests") [D.E. 67-1].[4] The Requests seek relevant information that is in the exclusive possession, custody, and control of the Government.

For 29 days, the Government ignored the Requests. On November 22, 2016, the Government emailed Loumiet's counsel demanding that the Requests be withdrawn. *See* Email from R. Skinner to K. Blanson, dated November 22, 2016 [D.E. 67-2]. The e-mail was sent to Loumiet's counsel no less than 48 hours before the Thanksgiving holiday and only one day before the Defendants' responses to the Requests were due. On November 23, 2016, without offering Loumiet adequate time to respond to the e-mail or attempting to confer with Plaintiff's counsel, the defendants filed the Motion.

## LEGAL ARGUMENT

As a general proposition, a stay of discovery is "rarely appropriate" when no case-dispositive motion is pending. *Royer*, 292 F.R.D. at 62. Case-dispositive motions include motions based on the discretionary-function exception, or other jurisdictional-based arguments. *U.S. ex rel. Howard v. Shoshone Paiute Tribes*, 2012 WL 2327676, at *1 (D. Nev. 2012)

---

[4] The Government attempts to pin Loumiet to an agreement he made in the initial status report when all defendants did have potentially case-dispositive arguments, including the discretionary-function exception. *See* Motion at 2. Obviously, that no longer was the agreement once the D.C. Circuit ruled that the discretionary-function exception was invalid if the defendants violated the constitution. Loumiet made his position clear to the defendants in the September 23rd Joint Status Report.

("Dispositive motions that raise issues of jurisdiction, venue, or immunity are common situations where a court might stay discovery pending resolution of a dispositive motion."). When no case-dispositive motion is pending, courts "must weigh competing interests and maintain an even balance" when deciding whether to grant the "rarely appropriate" discovery stay. *Bridgeport Hosp. v. Sebelius*, 2011 WL 862250, at *1 (D.D.C. Mar. 10, 2011) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936)). In weighing those interests, mere allegations that a stay will conserve resources is not a sufficient basis to justify granting the "rarely appropriate" relief. *People With Aids Health Grp. v. Burroughs Wellcome Co.*, 1991 WL 221179, at *1 (D.D.C. Oct. 11, 1991).

1. ***The Government has no right to a stay because its motion to dismiss is not case-dispositive***

Loumiet brought state-law claims against the Individual Defendants for intentional infliction of emotional distress, invasion of privacy, abuse of process, malicious prosecution, negligent supervision, and civil conspiracy. *See* Complaint [D.E. 1]. The Individual Defendants invoked the Westfall Act and converted those state-law claims to claims against the Government under the FTCA. *See* Individual Defendants' Motion to Dismiss [D.E. 62] at 21. The Government then moved to dismiss the abuse of process and malicious prosecution claims by arguing that they were barred by the so-called "law enforcement proviso." *See* Government's Motion to Dismiss [D.E. 63] at 10. As for the invasion of privacy claim, the Government incorrectly argued that the Court found those claims to be time-barred (even though that order was based on the discretionary-function exception that the D.C. Circuit found to be inapplicable). *Id.* at 10-13. As for the intentional infliction of emotional distress, negligent supervision, and civil conspiracy claims, the Government solely argued that those claims should be dismissed because Loumiet failed to adequately plead a constitutional violation. *Id.* at 6.

Loumiet responded to the Government's pleading arguments by demonstrating that he satisfied the requirements stated in *Hartman v. Moore*, 547 U.S. 250, 256 (2006) to plead a constitutionally unlawful First Amendment retaliation. *See* Opposition to Motions to Dismiss [D.E. 64] at 28-32. In its reply in support of its motion to dismiss [D.E. 66], the Government did not even bother to address, much less rebut, Loumiet's arguments. *See* Reply at 1-21 (nowhere in the brief will the Court find any mention of Loumiet's arguments). Thus, the only arguments directed towards Loumiet's intentional infliction of emotional distress, negligent supervision, and civil conspiracy claims are pleading arguments that the Government did not even try to defend in its reply. Those arguments are, quite clearly, not meritorious, much less case-dispositive. Thus, under well-settled law, the Government has no right to a discovery stay. *Royer*, 292 F.R.D. at 62.

2.   ***The Court should not stay discovery as to the FTCA claims simply because the Individual Defendants have raised purported immunity defenses to the Bivens claims***

The defendants argue that "barring only discovery explicitly directed at the Individual Defendants is insufficient" on the purported basis that "the Supreme Court reaffirmed in Iqbal [that] qualified immunity protects a defendant not only from discovery directed at him, but from any discovery that could require the defendant's involvement." *See* Motion at 5. In other words, the crux of this argument is that because the Individual Defendants have asserted immunity defenses, then discovery should be stayed as to all defendants. The primary support for this argument is *dicta* from *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009). However, the defendants fail to disclose to the Court that numerous courts have rejected this reading of *Iqbal*.

For example:

- In *Mendia v. Garcia,* the court "concluded that the passage in *Iqbal* above is not binding precedent on discovery matters such as this." 2016 WL 3249485, at *3.

6

- In *Saenz v. City of El Paso, Tex.*, the court held that "[n]one of the Supreme Court cases upon which Defendant Flores relies—including *Harlow* and *Iqbal*—stand for the proposition that *all discovery* as to *all defendants* must be stayed pending a court's resolution of an assertion of qualified immunity." 2015 WL 4590309, at *2 (emphasis in original).

- In *Seeds of Peace Collective v. City of Pittsburgh*, the court rejected the argument that "the United States Supreme Court established in *Iqbal* that all discovery must be stayed as to all claims in a case, pending the resolution of some individual defendants' motion to dismiss based upon qualified immunity." The court also held that "[c]ontrary to defendants' argument, the Supreme Court's dicta . . . does not require this court to stay all discovery, as to all claims." 2010 WL 2990734, at *3; and

- In *Galarza*, the court rejected that the argument that it "*must* prohibit discovery from the United States at this time as well, to preserve [the Individual Defendants'] qualified immunity claims, and to avoid running afoul of the important purposes that qualified immunity serves," because "[t]his position relies largely on a misreading of *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)." 2012 WL 627917, at *2 (emphasis in original).

All of these cases stand for the proposition that discovery should not be stayed in multiple defendant cases when one defendant, or a group of defendants, raise immunity arguments. Particularly instructive is *Saenz*, where the court found that: (1) "*Harlow* and *Iqbal* do not mandate such a broad stay," (2) "the doctrine of qualified immunity only seeks to shield parties from the disruptive aspects of discovery," and (3) "countervailing interests in keeping the present case progressing towards resolution are considerable." 2015 WL 4590309, at *2. The same is true here.

The Individual Defendants will not suffer an undue burden if discovery proceeds. This is true because the Government possesses virtually all of the responsive documents. Moreover, the Individual Defendants will have to respond to discovery with regard to the FTCA claims, no matter how the Court resolves the *Bivens* claims. When presented with these facts, courts have time and again rejected across-the-board stays of discovery. *Saenz*, 2015 WL 4590309, at *4 ("even assuming that Defendant Flores might feel compelled to participate in discovery

7

proceedings pertaining to other defendants, he offers no explanation for why such participation would necessarily be disruptive, expensive, or intrusive"); *Mendia*, 2016 WL 3249485, at *5 ("limited discovery as to these Defendants is appropriate because regardless of whether they are entitled to qualified immunity, they will still need to participate in discovery as percipient witnesses related to the FTCA claims against the United States"); *Galarza*, 2012 WL 627917, at *3 ("Because the FTCA case against the United States will continue regardless of the outcome of Defendant Szalczyk's and Defendant Marino's Motions to Dismiss, there is little risk of **undue** burden upon Defendants Szalczyk and Marino in allowing discovery to proceed.").

Furthermore, this case has countervailing interests that militate against a stay of discovery as to all defendants. First, "there is the obvious interest of Plaintiff 'in [eventually] bringing the case to trial.'" *Saenz*, 2015 WL 4590309, at *4. "Staying all discovery for all defendants would certainly result in significant delay in the resolution of [Loumiet's] claims." *Id*. Second, "the risk of an extended protraction of discovery," especially in a case more than four years old, militates against a stay. *Id*. Finally, many of the events giving rise to the claim took place years ago. "[T]here is the danger that the requested stay, if granted and lengthy in duration, might prejudice one or more parties to this litigation due to the inexorable passage of time." *Saenz*, 2015 WL 4590309, at *5. For these reasons, a discovery stay as to all defendants is not warranted.

3. *A discovery stay would prejudice Loumiet*

The Motion mistakenly argues that Loumiet will not suffer prejudice if this case is further delayed. The prejudice is obvious. Loumiet has been forced to respond to a barrage of motions to dismiss, all without the benefit of any discovery. As the Court found in *Saenz*, the passage of time only makes this case harder for Loumiet to prove, as witnesses' memories fade. As succinctly stated by the *Saenz* court:

> Ultimately, however, the Court declines to grant a global stay of pretrial discovery because such a stay is not mandated by *Harlow* and *Iqbal,* there is little evidence that other federal courts have adopted Defendant Flores's reading of *Iqbal,* the requested stay would do far more than simply shield him from the disruptive aspects of discovery, and countervailing interests in the timely adjudication of the case are substantial.

2015 WL 4590309, at *6. So it is here.

## CONCLUSION

In sum, there is simply no good reason for the Government to delay in responding to discovery requests that it will have to answer after the Court finds that Loumiet adequately pleaded his FTCA claims. For this reason and those discussed above, the Court should deny the relief requested in the Motion.

    Respectfully submitted,

    RIVERO MESTRE LLP
    *Attorneys for Carlos Loumiet*
    2525 Ponce de Leon Boulevard
    Suite 1000
    Miami, Florida 33134
    Telephone: (305) 445-2500
    Fax: (305) 445-2505
    Email: jmestre@riveromestre.com
    arivero@riveromestre.com
    cwhorton@riveromestre.com
    kblanson@riveromestre.com

    By:   /s/ Jorge A. Mestre
        JORGE A. MESTRE
        D.C. Bar No. 998301
        ANDRES RIVERO
        *Pro hac vice*
        CHARLIE WHORTON
        *Pro hac vice*
        KADIAN BLANSON
        *Pro hac vice*

**CERTIFICATE OF SERVICE**

  I CERTIFY that on December 5, 2016, this document was filed with the Clerk of the Court using CM/ECF. I also certify that this document is being served this day on all counsel of record identified on the attached service list via transmission of Notices of Electronic Filing generated by CM/ECF.156001

              /s/ Jorge A. Mestre
              Jorge A. Mestre