**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CARLOS LOUMIET, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 12-01130 (CKK) |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**REPLY MEMORANDUM IN SUPPORT OF THE DEFENDANTS' MOTION TO STAY DISCOVERY**

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO, JR.
Acting Director, Torts Branch

ANDREA W. MCCARTHY
Senior Trial Counsel, Torts Branch

REGINALD M. SKINNER
Trial Attorney, Civil Division
United States Department of Justice
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-3111
Fax: (202) 616-4314

*Counsel for the Defendants*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ ii

ARGUMENT ........ 1

A. The Court Should Stay Discovery Against the Individual Defendants Until the Defendants' Motion to Dismiss Has Been Decided. ........ 1

B. The Court Should Stay Discovery against the United States until the Immunity Defense Has Been Resolved. ........ 3

C. The United States' Motion to Dismiss is Potentially Dispositive ........ 7

D. Loumiet Will Not Be Prejudiced If Discovery Is Stayed Until the Motions to Dismiss Have Been Decided. ........ 8

CONCLUSION ........ 9

# TABLE OF AUTHORITIES

## Cases

**Adkins v. Suba*,
No. 09cv29, 2010 WL 934017 (D. Guam Mar. 8, 2010)........................................................ 5

**Ashcroft v. Iqbal*,
556 U.S. 662 (2009)........................................................................................ *passim*

*Bangor Hydro-Elec. Co. v. FERC*,
78 F.3d 659 (D.C. Cir. 1996)........................................................................................ 4

*Bell Atlantic v. Twombly*,
550 U.S. 544 (2007)........................................................................................ 6

*Burkhart v. Washington Metro. Area Transit Auth.*,
112 F.3d 1207 (D.C. Cir. 1997)........................................................................................ 7

**Covad Commc'ns Co. v. Revonet, Inc.*,
250 F.R.D. 14 (D.D.C. 2008)........................................................................................ 8

*Crawford-El v. Britton*,
523 U.S. 574 (1998)........................................................................................ 2

**Eggert v. Chaffee County*,
No. 10cv1320, 2010 WL 3359613 (D. Colo. Aug. 25, 2010) .............................................. 4, 5

*Elmaghraby v. Ashcroft*,
No. 04cv1809, 2005 WL 2375202 (E.D.N.Y. Sept. 27, 2005)................................................ 5

*Galarza v. Szalczyk*,
Nos. 10-6815, 11-4988, 2012 WL 627917 (E.D. Pa. Feb. 28, 2012) .................................. 5, 6

*Harlow v. Fitzgerald*,
457 U.S. 800 (1982)........................................................................................ 2

**Herrera v. Santa Fe Pub. Sch.*,
No. 11cv422, 2012 WL 6846393 (D. N.M. Dec. 20, 2012) ..................................................... 4

**M.G. v. Metro. Interpreters & Translators, Inc.*,
No. 12cv460, 2013 WL 690833 (S.D. Cal. Feb. 26, 2013) ...................................................... 4

*Mendia v. Garcia*,
No. 10-cv-03910, 2016 WL 3249485 (N.D. Cal. June 14, 2016)..................................... 5, 6, 7

**Mitchell v. Forsyth*,
472 U.S. 511, (1985)........................................................................................ 1

*Nat. Res. Def. Council, Inc. v. Nuclear Regulatory Comm'n*,
216 F.3d 1180 (D.C. Cir. 2000) ........................................................................................ 4

**Ransaw v. United States*,
No. 1:10-CV-01672, 2011 WL 1752160 (N.D. Ohio May 5, 2011) .................................... 2, 4

*Saenz v. City of El Paso, Tex.*,
No. EP-14-CV-244-PRM, 2015 WL 4590309 (W.D. Tex. Jan. 26, 2015) ........................... 1, 5

*Saucier v. Katz*,
533 U.S. 194 (2001)........................................................................................................... 1

*Schwab v. Crosby*,
451 F.3d 1308 (11th Cir. 2006) ......................................................................................... 4

*Seeds of Peace Collective v. City of Pittsburg*,
No. 09-1275, 2010 WL 2990734 (W.D. Pa. July 28, 2010) .................................................. 6, 7

*Swanson v. Citibank, N.A.*,
614 F.3d 400 (7th Cir. 2010) ............................................................................................. 6

*United States ex rel. Shamesh v. CA, Inc.*,
314 F.R.D. 1 (D.D.C. 2016)............................................................................................... 8

Mr. Loumiet's opposition brief makes clear that in addition to the 46 sweeping document requests he has propounded, he wishes to engage in full-blown discovery on the merits of his claims before this Court resolves such critical threshold issues as whether: (1) the Individual Defendants are altogether immune from suit under the doctrines of absolute or qualified immunity; (2) the special factors doctrine preludes a *Bivens* remedy in this case; and (3) the Complaint fails to allege a constitutional claim, such that the discretionary function exception divests the Court of jurisdiction over Loumiet's FTCA claims. To be clear: Loumiet wants unlimited discovery against the Individual Defendants *now*—despite their pending immunity motion. He wants unlimited discovery against the United States *now*—even though the United States' motion to dismiss will potentially dispose of his FTCA claims or, at a minimum, narrow the contested issues and focus discovery so as to avoid unnecessary costs to the litigants and the Court. The Court should exercise its discretion to postpone discovery until the threshold immunity and jurisdictional issues have been decided.

## ARGUMENT

### A. The Court Should Stay Discovery Against the Individual Defendants Until the Defendants' Motion to Dismiss Has Been Decided.

Loumiet mistakenly argues that qualified immunity does not protect a government official from all discovery, but only from discovery that is especially "disruptive, expensive, or intrusive." Pl.'s Opp'n at 2 (quoting *Saenz v. City of El Paso, Tex.*, No. EP-14-CV-244-PRM, 2015 WL 4590309, at *4 (W.D. Tex. Jan. 26, 2015)). To the contrary, the Supreme Court has stressed that qualified immunity is "an immunity from suit rather than a mere defense to liability," *Mitchell v. Forsyth*, 472 U.S. 511, 526, (1985) (emphasis added). "Qualified immunity operates … to ensure that *before they are subjected to suit*, officers are on notice their conduct is unlawful. *Saucier v. Katz*, 533 U.S. 194, 206 (2001). A defendant who is potentially immune

from suit does not lose that immunity merely because a plaintiff promises to seek minimally intrusive discovery.  Rather, when a defendant has filed a motion to dismiss asserting immunity, "the district court should resolve that threshold question before permitting discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)) ("Until this threshold immunity question is resolved, discovery should not be allowed."). And if the court ultimately determines that the complaint fails to allege the violation of a clearly established constitutional right, "[the plaintiff] is not entitled to discovery, cabined or otherwise." *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009). Thus, settled authority dictates that discovery against the Individual Defendants should not proceed until the threshold question of immunity has been decided.

Despite this well-settled authority, Loumiet argues that discovery should proceed immediately against the Individual Defendants because they "will have to respond to discovery with regard to the FTCA claims, no matter how the Court resolves the *Bivens* claims." Pl.'s Opp'n at 7. The Court should reject this argument. Allowing discovery to proceed against the Individual Defendants on the basis that they will be required to provide testimony and participate in discovery as witnesses on the FTCA claims would amount to an end-run around the discovery protections afforded by qualified immunity. Loumiet's FTCA claims are predicated entirely on the actions of the Individual Defendants. Therefore, any discovery on the FTCA claims would, practically speaking, constitute discovery on the *Bivens* claims. For example, an individual defendant deposed as a fact witness regarding Loumiet's FTCA claims would inevitably be called upon to answer questions under oath regarding his own conduct—a burden he is exempt from under the doctrine of qualified immunity. The court addressed this very issue in *Ransaw v. United States*, No. 1:10-CV-01672, 2011 WL 1752160 (N.D. Ohio May 5, 2011). Much like

Loumiet, the plaintiff in *Ransaw* argued that discovery should proceed against the *Bivens* defendants because they would be witnesses in a related FTCA case. *Id.* at *1. In rejecting this argument, the court reasoned that subjecting the *Bivens* defendants to discovery in the FTCA case would undermine the protections afforded by qualified immunity.

> "[R]equiring the [*Bivens*] defendants to sit for depositions in the [FTCA] case would allow the plaintiff to circumvent their assertion of qualified immunity in [the *Bivens* case] …. [I]f the Court were to allow discovery to proceed in the [FTCA] case, the benefit of the immunity doctrine would be lost in [the *Bivens* case]. The [*Bivens*] defendants would be called upon to answer questions regarding the very same subject matter at issue in the [*Bivens*] case.

*Id.* at *2.

The Court should reject Loumiet's argument for a second reason. Even if the Individual Defendants are percipient witnesses as to the FTCA claims, they are also *defendants* and thus face personal liability in damages on the *Bivens* claims. Requiring them to participate in discovery on the FTCA claims is therefore not the same as requiring a *nonparty* fact witness to participate in discovery. While participating in discovery on the FTCA claims, the Individual Defendants would—even before the threshold question of immunity has been decided—be supplying the very evidence that could be used to establish their liability on the *Bivens* claims. Again, this would effectively circumvent the "immunity from suit" that is fundamental to the doctrine of qualified immunity.

**B. The Court Should Stay Discovery against the United States until the Immunity Defense Has Been Resolved.**

As explained in the Defendants' Motion to Stay Discovery, the Supreme Court in *Iqbal* recognized that qualified immunity protects a defendant not only from discovery directed at him, but also from any discovery that could require the defendant's involvement and thereby impose the very burdens the doctrine was designed to alleviate. *See* Def's Motion to Stay at 5-6; *Iqbal*,

556 U.S. at 685-86 (individual defendants "would not be free from the burdens of discovery" if discovery proceeds against other parties, requiring the individual defendants to "participate in the process to ensure the case does not develop in a misleading or slanted way"). Loumiet urges the Court to disregard the Supreme Court's observation in *Iqbal* as meaningless dicta. *See* Pl.'s Opp'n at 5. However, it is well-settled that dicta of the Supreme Court carry significant weight. *See Nat. Res. Def. Council, Inc. v. Nuclear Regulatory Comm'n*, 216 F.3d 1180, 1189 (D.C. Cir. 2000) ("[C]arefully considered language of the Supreme Court, even if technically dictum, generally must be treated as authoritative.") (internal quotation marks and citation omitted); *Bangor Hydro-Elec. Co. v. FERC*, 78 F.3d 659, 662 (D.C. Cir. 1996) ("It may be dicta, but Supreme Court dicta tends to have somewhat greater force-particularly when expressed so unequivocally."); *Schwab v. Crosby*, 451 F.3d 1308, 1325 (11th Cir. 2006) (explaining that "there is dicta and then there is dicta, and then there is Supreme Court dicta," which is "not something to be lightly cast aside," and collecting cases expressing similar sentiments).

Since *Iqbal*, several courts have recognized that a stay of all discovery ensures that defendants entitled to qualified immunity are not subjected to the burdens the doctrine was designed to alleviate. *E.g.*, *M.G. v. Metro. Interpreters & Translators, Inc.*, No. 12cv460, 2013 WL 690833, at *2 (S.D. Cal. Feb. 26, 2013) (staying all discovery even for parties without immunity); *Herrera v. Santa Fe Pub. Sch.*, No. 11cv422, 2012 WL 6846393, at *10 (D. N.M. Dec. 20, 2012) (halting discovery as to all parties—including those not raising immunity—pending resolution of immunity because "[t]he policy underlying a discovery stay [] not only protect[s] the public official from being personally subjected to the burdens of litigation, but it protects the public official from the attendant burdens."); *Ransaw*, 2011 WL 1752160, at *2 (staying all discovery because the "benefit of the qualified immunity doctrine would be lost" in

parallel case if discovery against the United States went forward); *Eggert v. Chaffee County*, No. 10cv1320, 2010 WL 3359613, at *3 (D. Colo. Aug. 25, 2010) (staying all discovery, including for defendants with no immunity defense, noting that "[b]ecause a stay as to some defendants but not others does not relieve the defendant asserting immunity from the burdens of litigation, a stay of all proceedings is appropriate when an immunity defense is asserted."); *Adkins v. Suba*, No. 09cv29, 2010 WL 934017, at *1,*2 (D. Guam Mar. 8, 2010) (staying all discovery until immunity resolved, even against entity that had no immunity).

Just as in this case, the plaintiffs in *Eggert* opposed a stay of discovery on grounds that not all defendants were entitled to raise an immunity defense. 2010 WL 3359613, at *2, *3. The court rejected plaintiffs' position as contrary to *Iqbal*, stating that "in a suit with multiple defendants, only some of whom assert an immunity defense, all discovery should be postponed pending a ruling on immunity." *Id*. Indeed, in *Iqbal*, although Defendants Ashcroft and Mueller were the only defendants before the Supreme Court, plaintiffs also asserted claims against the United States and constitutional and statutory claims against 32 other defendants. *Elmaghraby v. Ashcroft*, No. 04cv1809, 2005 WL 2375202, at *1 (E.D.N.Y. Sept. 27, 2005). Yet, *Iqbal* noted, "[i]t is no answer … to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants." 556 U.S. at 685.

In arguing that the Supreme Court's guidance in *Iqbal* does not support a stay of all discovery in this case, Loumiet relies primarily on three cases. These cases are premised on a fundamental misreading of *Iqbal*.[1] *See Mendia v. Garcia*, No. 10-cv-03910, 2016 WL 3249485

[1] Loumiet also relies on *Saenz v. City of El Paso*, Tex., No. EP-14-CV-244-PRM, 2015 WL 4590309 (W.D. Tex. Jan. 26, 2015), which is founded on the mistaken view, discussed above, that qualified immunity shields government officials not from all discovery, but only discovery that is particularly "disruptive, expensive, or intrusive." *Id.* at *4.

(N.D. Cal. June 14, 2016); *Galarza v. Szalczyk*, Nos. 10-6815, 11-4988, 2012 WL 627917 (E.D. Pa. Feb. 28, 2012); *Seeds of Peace Collective v. City of Pittsburg*, No. 09-1275, 2010 WL 2990734 (W.D. Pa. July 28, 2010). Each of these cases discounted the passage in *Iqbal* regarding the burdens of discovery on defendants asserting qualified immunity based on the mistaken notion that "[t]he Supreme Court's decision was not focused on the issue of discovery but rather plaintiff's request to relax the pleading requirements under Rule 8," *Mendia*, 2016 WL 3249485, at *3. In other words, these cases construe *Iqbal* as merely a case about "the []sufficiency of the pleadings." *See Galarza*, 2012 WL 627917, at *2; *Seeds of Peace*, 2010 WL 2990734, at *2.

This reading of *Iqbal* is incorrect. The Supreme Court in *Iqbal* was clearly concerned with the burdens discovery imposes on defendants asserting qualified immunity. *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010) ("[O]ne powerful reason … behind [*Iqbal's*] concern about pleading standards is the cost of the discovery that will follow in any case that survives a motion to dismiss on the pleadings."). Not only did the Court establish the plausibility requirement for pleading an entitlement to relief under Rule 8, but it reaffirmed that the pleading standard "does not turn on the controls placed upon the discovery process." 556 U.S. at 684-85 (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 559 (2007) ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through 'careful case management'"). The Court further emphasized that the concern about allowing groundless claims to proceed into discovery "is especially important" in cases involving the defense of qualified immunity because the doctrine's core purpose "is to free officials from the concerns of litigation, including avoidance of disruptive discovery" until the threshold question of immunity has been resolved. *Iqbal*, 556 U.S. at 685 (internal quotation

marks and citation omitted). Accordingly, the decisions in *Mendia*, *Galarza*, and *Seeds of Peace* are unpersuasive because they are premised on an incorrect understanding of *Iqbal*.

In addition, *Mendia* and *Seeds of Peace* are distinguishable from this case because those cases involved motions to stay discovery pending the defendants' appeal from an unsuccessful qualified immunity motion. *Mendia*, 2016 WL 3249485, at *1; *Seeds of Peace*, 2010 WL 2990734, at *1. Thus, unlike this case, the question of immunity had already been resolved in the district court, and the requested stay was potentially much greater in duration than the one sought here.

**C.     The United States' Motion to Dismiss is Potentially Dispositive.**

As an independent basis for granting a temporary stay of discovery, the Defendants explained that courts in this Circuit have repeatedly observed that a stay is appropriate when a pending motion may dispose of the claims at issue. Defs.' Motion to Stay at 6-7. Loumiet disagrees, however, that the United States' motion to dismiss is potentially dispositive. The basis for this argument is the incorrect view that "pleading arguments are not case-dispositive arguments …." Pl.'s Opp'n at 1.

As explained in the Defendants' Motion to Stay, the United States' motion to dismiss Loumiet's FTCA claims demonstrates that the Complaint fails to allege sufficient facts showing a constitutional violation. Defs.' Motion to Stay at 2. The Complaint's failure to allege a constitutional violation means that the FTCA's discretionary function exception is not defeated, and the Court lacks subject matter jurisdiction over Loumiet's FTCA claims. *See* ECF No. 63, United States' Motion to Dismiss at 6-9. Should the United States prevail on its motion to dismiss, the result would be the dismissal—pursuant to the discretionary function exception—of the FTCA claims for lack of jurisdiction. As such, the motion is potentially dispositive of all

claims against the United States. *See Burkhart v. Washington Metro. Area Transit Auth.*, 112
F.3d 1207, 1215 (D.C. Cir. 1997) ("The term 'dispositive motion' includes a motion that, if
granted, would result either in the determination of a particular claim on the merits or elimination
of such a claim from the case.").

Importantly, at a minimum, the United States' motion to dismiss may narrow the
contested issues and focus discovery so as to avoid unnecessary costs to the litigants and the
Court. This is a serious concern given the sweeping discovery requests that have been
propounded already in this action. *See* ECF No. 67-1, Carlos Loumiet's First Requests for
Production of Documents. If discovery is deferred until after threshold jurisdictional issues have
been resolved, there is less risk of the parties becoming bogged down in time-consuming and
costly discovery on potentially nonmeritorious claims. *See Covad Commc'ns Co. v. Revonet,
Inc.*, 250 F.R.D. 14, 18 (D.D.C. 2008) (Kollar-Kotelly, J.) (court "stayed discovery pending
resolution of [defendant's] Motion for Judgment on the Pleadings in order to save the litigants
potentially unnecessary discovery expenses."). Moreover, there is less chance the Court will be
needed to resolve disputes over the proper scope of discovery, particularly the requirement that
requests for discovery be "proportional to the needs of the case," *United States ex rel. Shamesh
v. CA, Inc.*, 314 F.R.D. 1, 8 (D.D.C. 2016) (quoting Fed. R. Civ. P. 26(b)(1)).

**D.      Loumiet Will Not Be Prejudiced If Discovery Is Stayed Until the Motions to Dismiss
         Have Been Decided.**

Loumiet contends that the prejudice to him is obvious because "[d]iscovery in this case
has been effectively stayed for four years," Pl.'s Opp'n at 1. Loumiet's desire to proceed with
discovery is understandable, but it does not overcome well-settled law that the "immunity from
suit" afforded by the doctrine of qualified immunity means that discovery should not proceed
until the immunity defense has been resolved. Moreover, some of the delay in moving this case

forward seems to be attributable to litigation choices made by Loumiet. Loumiet was the master of his own Complaint, and it was his choice to pursue personal-capacity claims against the Individual Defendants—claims that (unlike his FTCA claim against the United States) are subject to the defense of qualified immunity. In addition, a significant amount of the delay is attributable to the two appeals that Loumiet initiated in this action. *See* ECF Nos. 37 and 55.

No prejudice will result if discovery is temporarily stayed pending a decision on the Defendants' motions to dismiss. Loumiet does not contend that he needs discovery to oppose the motions. And, he will be free to resume discovery on any surviving claims after the threshold immunity and jurisdictional issues have been decided.

## CONCLUSION

For the foregoing reasons, the Defendants respectfully request that the Court grant their motion to stay discovery pending a decision on the motions to dismiss.

Dated: December 12, 2016

Respectfully Submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO, JR.
Acting Director, Torts Branch

ANDREA W. MCCARTHY
Senior Trial Counsel, Torts Branch

***/S/ REGINALD M. SKINNER***
REGINALD M. SKINNER
Trial Attorney, Torts Branch
Civil Division
United States Department of Justice
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-3111
Fax: (202) 616-4314

*Counsel for the Defendants*