**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CARLOS LOUMIET, | |
| Plaintiff, | |
| v. | Civil Action No. 12-01130 (CKK) |
| UNITED STATES OF AMERICA, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION and ORDER**
(December 22, 2016)

Before the Court is Defendants' [67] Motion to Stay Discovery in this action, in which

Plaintiff has alleged violations of the Federal Tort Claims Act and additional *Bivens* and state

law tort claims related to the actions of the Office of the Comptroller of the Currency. Also

currently pending before the Court are the Motions to Dismiss of the Individual Defendants

(ECF No. [62]) and of the United States[1] (ECF No. [63]), filed on October 14, 2016, and not

fully briefed and ripe for the Court's consideration until November 14, 2016. By this Order, the

Court shall only address Defendants' [67] Motion to Stay Discovery, but the pendency of these

dispositive motions is at the heart of the Court's consideration of the instant Motion to Stay

Discovery. Only ten days after Defendants had filed their Motions to Dismiss, Plaintiff served an

extensive discovery request upon both the Individual Defendants and the Government. Defs.'

Mot. to Stay, Ex. 1, ECF No. [67-1] ("Discovery Request"). The Discovery Request includes

forty-six requests for production of documents, *id.* at 10-14, for the period between September

---

[1] The individually named defendants in this matter are Michael Rardin, Lee Straus, Gerard
Sexton, and Ronald Schneck, who are referred to collectively as the "Individual Defendants."
The United States is referred to, hereinafter, as the "Government." Collectively, the Individual
Defendants and Government are referred to as "Defendants."

1999 and the present, *id.* at 6; *see also* Defs.' Mot. to Stay at 2. Defendants request that

discovery be temporarily stayed pending the resolution of the Motions to Dismiss. Plaintiff has

opposed the Motion to Stay Discovery, and with the filing of Defendants' Reply, the instant

Motion is now ripe for resolution by the Court.

Upon consideration of the pleadings,[2] the relevant legal authorities, and the record as a

whole, the Court GRANTS Defendants' [67] Motion to Stay Discovery, and discovery shall be

STAYED pending a decision by this Court on the Defendants' Motions to Dismiss.

## I.     BACKGROUND

The Court has extensively reviewed the background of this case previously, most recently

in its Memorandum Opinion regarding the grant of the Government's Motion to Dismiss for

Lack of Jurisdiction. *Loumiet v. United States*, 106 F. Supp. 3d 219 (D.D.C. 2015).[3] *See also*

*Loumiet v. United States*, 968 F. Supp. 2d 142 (D.D.C. 2013) (granting the Individual

Defendants' Motion to Dismiss and granting in part the Government's Motion to Dismiss as to

certain FTCA claims and denying in part the Government's Motion to Dismiss as to other FTCA

claims);[4] *Loumiet v. United States*, 65 F. Supp. 3d 19, 28 (D.D.C. 2014) (upon Motion for

---

[2] The Court's consideration has focused on the following documents:
- Defendants' Motion and Memorandum of Points and Authorities in Support of Motion to Stay Discovery ("Defs.' Mot. to Stay"), ECF No. [67];
- Plaintiff's Opposition to the Defendants' Motion to Stay ("Pl. Opp'n"), ECF No. [68];
- Defendants' Reply Memorandum in Support of the Defendants' Motion to Stay Discovery ("Defs.' Reply"), ECF No. [69];
- Individual Defendants' Motion to Dismiss and Statement of Points and Authorities in Support ("Indiv. Defs.' Mot. to Dismiss), ECF No. [62]; and United States' Motion to Dismiss and Statement of Points and Authorities in Support, ("Gov't. Mot. to Dismiss), ECF No. [63].

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision.  *See* LCvR 7(f).

[3] ECF No. [54] (May 28, 2015).

[4] ECF No. [25] (Sept. 12, 2013). It bears mention that Plaintiff filed an appeal as to this partial dismissal, which the Court of Appeals for the D.C. Circuit dismissed for lack of appellate

Reconsideration by the Government and by Plaintiff, dismissing Plaintiff's remaining FTCA claims with the narrow exception of "Plaintiff's invasion of privacy claim to the extent it alleges harms from the public disclosure of private facts in the statements Plaintiff alleges Defendant made to the press.").[5] Following the Court's 2015 dismissal of this action in its entirety, Plaintiff again appealed to the Court of Appeals for the D.C. Circuit ("Court of Appeals"), which reversed the Court's order of dismissal and remanded the case for further consideration of two aspects of Plaintiff's claims. *Loumiet v. United States*, 828 F.3d 935 (D.C. Cir. 2016).[6]

Upon remand from the Court of Appeals, the Court permitted the parties an opportunity to submit further briefing on the issues remaining for the Court's consideration. Specifically, by [62] Order, the Court directed the parties to address the issues for the Court's consideration, as articulated by the Court of Appeals: (i) "whether Loumiet's complaint plausibly alleges that the OCC's conduct exceeded the scope of its constitutional authority so as to vitiate discretionary-function immunity," *id.* at 946; and (ii) as to Plaintiff's *Bivens* claims, "the remaining defenses raised but not yet decided in the district court," *id.* at 949. Accordingly, the Individual Defendants filed their [62] Motion to Dismiss and the Government filed its separate [63] Motion to Dismiss, as indicated *supra*.

## II.    DISCUSSION

The "decision whether to stay discovery is committed to the sound discretion of the district court judge." *White v. Fraternal Order of Police*, 909 F.2d 512, 517 (D.C. Cir. 1990); *see also Islamic Am. Relief Agency v. Gonzales*, 477 F.3d 728, 737 (D.C. Cir. 2007); *Brune v. IRS*,

---

jurisdiction. *Loumiet v. United States*, Case No. 13-5344 (D.C. Cir. April 18, 2014). ECF No. [43].

[5] ECF No. [45] (Aug. 21, 2014).

[6] Mandate of Court of Appeals entered on docket as ECF No. [59] (Sept. 7, 2016).

861 F.2d 1284, 1288 (D.C. Cir. 1988). Furthermore, courts in this district "have often stayed discovery 'while a motion that would be thoroughly dispositive of the claims in the Complaint is pending.'" *Sai v. Dep't of Homeland Sec.*, 99 F. Supp. 3d 50, 58 (D.D.C. 2015) (quoting *Institut Pasteur v. Chiron Corp.*, 315 F. Supp. 2d 33, 37 (D.D.C.2004) (further internal citations and quotation marks omitted)). In fact, "[i]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *Anderson v. U.S. Attorney's Office*, No. 91-2262, 1992 WL 159186, at *1 (D.D.C. June 19, 1992).

The court must exercise particular care in discovery matters where a qualified immunity defense has been raised. In *Ashcroft v. Iqbal*, the Supreme Court clearly articulated the concerns surrounding discovery in such cases: "The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" 556 U.S. 662, 685 (2009) (quoting *Siegert v. Gilley*, 500 U.S. 226, 236 (1991) (Kennedy, J., concurring)). This consideration had been at the foundation of the Court's frequent articulation of the principle that "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (applying *Harlow* and stating that "if the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery"); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery").

In accordance with these principles, courts in this district have found it appropriate to stay discovery where qualified immunity has been pleaded and threshold motions are pending. Indeed, the Court of Appeals has remarked (only just prior to the Supreme Court's decision in

*Iqbal*) that the qualified immunity defense "entitles government officials 'not merely to avoid standing trial, but also to avoid the burdens of such *pretrial* matters as discovery . . . , as inquiries of this kind can be particularly disruptive to effective government.'" *Wuterich v. Murtha*, 562 F.3d 375, 382 (D.C. Cir. 2009) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996)) (alterations in original) (further internal citations and quotation marks omitted). Similarly, in finding that the district court had not abused its discretion in denying a motion for discovery at the summary judgment stage, the Court of Appeals unambiguously stated "appellant was not entitled to the discovery he sought until after appellees' qualified immunity claims had been adjudicated." *Watkins v. Arlington Cty.*, Nos. 96-5120, 96-5144, 1997 WL 404878, at *1 (D.C. Cir. June 6, 1997); *see also Sai*, 99 F. Supp. 3d at 57-58 (staying discovery pending resolution of Defendants' motion to dismiss and Plaintiff's motion for partial summary judgment in action against, *inter alia*, individual employees of Transportation Security Administration and Department of Homeland Security, who had raised a qualified immunity defense); *True the Vote, Inc. v. IRS*, No. 13-734, 2014 WL 4347197, at *7 (D.D.C. Aug. 7, 2014) (denying discovery request where defendants had asserted qualified immunity defenses in their motions to dismiss); *Brown v. Fogle*, 819 F. Supp. 2d 23, 29 (D.D.C. 2011) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231–32 (2009)) (alteration in original) ("Because the qualified immunity doctrine is intended to 'ensure that insubstantial claims against government officials [will] be resolved prior to discovery,' the Supreme Court has 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'").

In this case, there are currently pending the Motion to Dismiss of the Individual Defendants and the Motion to Dismiss of the Government, and the Individual Defendants have asserted the qualified immunity defense. *See* Defs.' Mot. to Stay at 5; Indiv. Defs.' Mot to

Dismiss at 1, 15-21. Therefore, the Court must heed the direction of the Supreme Court and the Court of Appeals, and shall endeavor to "resolv[e] immunity questions at the earliest possible stage in litigation." *Brown*, 819 F. Supp. 2d at 29 (quoting *Pearson,* 555 U.S. at 231–32). These issues are presented to the Court for examination in the pending Motions to Dismiss, and "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Harlow*, 457 U.S. at 818. Defendants contend that "[i]f granted, the Individual Defendants' motion would be dispositive of all claims asserted against them. Equally, the United States' motion is potentially dispositive of Mr. Loumiet's FTCA claims." Defs.' Mot. to Stay at 2. The Court does not here address the merits of Defendants' Motions to Dismiss, but agrees with their characterization in the instant Motion to Stay Discovery that if they do prevail, even partially, on their dispositive motions, the scope of the case and the nature of the involvement of the Individual Defendants will change significantly, and far more dramatically than Plaintiff acknowledges. Pl. Opp'n at 5-6.

Furthermore, the nature of Plaintiff's Discovery Request underscores the appropriateness of staying discovery in the instant case. Plaintiff's request is extensive, and Plaintiff has nowhere claimed that discovery is necessary for him to effectively oppose the pending Motions to Dismiss. *See* Sept. 23, 2016, Joint Status Report at 5-6 (ECF No. [60]) (setting out Plaintiff's request that this Court enter a discovery plan and order allowing him to take discovery on his substantive claims, but not suggesting any need for discovery on the legal issues before the Court upon remand from the Court of Appeals). Plaintiff's Discovery Request covers more than a seventeen-year period and includes forty-six requests for production of documents; additionally, its individual requests appear to be quite broad. *See* Request for Documents at 6, 10-14. Plaintiff asserts, however, that "the Government is in the exclusive possession, custody, and control of

virtually all of the responsive documents." Pl. Opp'n at 2. The Court is not persuaded by this

argument, but rather finds the concerns articulated in *Iqbal* controlling:

> It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

556 U.S. at 685–86. Furthermore, while the Court does not here opine on the appropriateness of

the Discovery Request, the Court notes that Plaintiff has propounded nearly twice as many

requests for documents as the Court's presumptive limit of twenty-five permits. Additionally, in

light of how far-reaching the Discovery Request appears, it is almost certain that Defendants will

seek to litigate its scope. It would not be a prudent use of the Court's—or the parties'—resources

to litigate a discovery dispute while the dispositive motions, which may significantly change the

nature of the case, are pending.

Finally, Plaintiff argues that he will be prejudiced by any further delay in discovery, but

the Court does not find this concern to outweigh the significant factors counseling against

permitting discovery at this stage. While the Court acknowledges that Plaintiff filed this action

more than four years ago, the case is nonetheless not yet in a posture for which discovery is

appropriate. The delay in progressing to discovery has been due to the litigation of important

legal questions, at least some of which are dispositive of Plaintiff's claims. This litigation has

indeed been time-consuming, including three separate rounds of dispositive motions, the third of

which is currently ongoing. The complexity and importance of this threshold litigation, however,

is not in question. In fact, the Court of Appeals noted that "[t]his case raises [an] additional,

thorny question—novel in our circuit" as to the scope of the discretionary-function exception to

the FTCA, which determination is essential to the necessary "inquiry into the viability of

Loumiet's FTCA claims." *Loumiet*, 828 F.3d at 942. Indeed, this is one of the questions now before the Court in the pending Motions to Dismiss of Defendants. Additionally, the Court notes that during the first round of dispositive motions, the parties, agreed to "stay all discovery, including initial disclosures, until disposition of the Motions to Dismiss." Joint Rule 26(F) Conference Report and Discovery Plan, ECF No. [23] at 1, 4. While time has passed since Plaintiff there stated his agreement that discovery should be stayed pending the resolution of the Motions to Dismiss and Plaintiff is entitled to change his position on his desire to take discovery, the posture of the case is essentially the same as it was when he gave this earlier assent. The Court finds that any prejudice to Plaintiff in delaying the commencement of discovery is outweighed by the necessity of resolving the "threshold immunity questions" before permitting discovery to commence. *Harlow*, 457 U.S. at 818.

## III.    CONCLUSION

Accordingly, for all of the foregoing reasons and in exercise of its sound discretion, the Court hereby GRANTS Defendants' [67] Motion to Stay Discovery, and discovery shall be STAYED pending a decision by this Court on the Defendants' Motions to Dismiss.

**SO ORDERED.**

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge